UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY WINGET and the LARRY WINGET
LIVING TRUST,

    Plaintiffs,

v.                                                      Case No. 06-13490

JO MORGAN CHASE BANK, N.A.,                HON. AVERN COHN
JP MORGAN CHASE & CO.,
BLACK DIAMOND COMMERCIAL FINANCE, LLC,
BLACK DIAMOND CAPITAL MANAGEMENT
LIVING TRUST,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

I.

This is a commercial finance dispute. On August 9, 2006, plaintiffs Larry J. Winget and the Larry J. Winget Living Trust (Winget) filed a complaint against J.P. Morgan Chase Bank., N.A., JP Morgan Chase & Co. (collectively, the Agent), and Black Diamond Commercial Finance, LLC, and Black Diamond Capital Management, LLC (collectively, Black Diamond). The complaint generally asserted the following claims:

    Count I        Declaratory Relief - Breach of Contract (regarding the Guaranty
                      and Pledge Agreements)

    Count II       Declaratory Relief - Condition Subsequent

    Count III      Impairment of Collateral

    Count IV      Oppression of Shareholder's Interests

Thereafter, the following motions were filed:

- The Agent's Motion to Dismiss
- Black Diamond's Motion to Dismiss
- The Agent's Motion to Strike Jury Demand

The Court granted the Agent and Black Diamond's motions to dismiss and denied the Agent's Motion to Strike Jury Demand as moot. See Memorandum and Order filed March 7, 2007.

Before the Court is Winget's motion for reconsideration to which the Agent and Black Diamond, at the Court's request, responded. The motion is DENIED. The reasons follow.

II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court*s discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D.Mich. 1997)(citing Webster's New World Dictionary 974 (3rd Ed.1988)).

III.

Winget says the Court erred in concluding that his claims are barred by res judicata because the Court was "mislead and to the scope, nature and effect" of the sale

2

order entered in the Venture and Deluxe bankruptcy case. As the Agent points out, Winget presents new arguments not raised in response to the motions to dismiss or at oral argument in support of his contention. This fact alone militates against granting the motion. See Christi v. McKee, 2006 WL 250410, * 2 (E.D. Mich. Aug. 29, 2006) (stating that '[a] Motion for Rehearing or Reconsideration is not a vehicle to raise new legal arguments that could have been raised earlier because such motions are "aimed at re consideration, not initial consideration.") (citing See Sault Ste. Marie Tribe of Chippewa Indians, 146 F.3d 367, 374 (6th Cir. 1998)).

Regardless, the new arguments do not provide a basis to change the Court's decision. Winget first says that a September 12, 2006 order in the bankruptcy proceedings which, in relevant part, authorized the Deluxe Debtors to "compromise the claims asserted against the Winget Defendants in the 4578 Adversary proceeding in accordance with the settlement agreement" establishes that Winget has the right to bring the claims asserted in the complaint. This argument lacks merit. The September 12, 2006 order does not suggest that the claims alleged the in complaint could go forward. The order simply states that the Plan confirmation "shall be without prejudice to the rights, if any, of Mr. Winget, his family members and affiliates who have not yet filed Chapter 11 petitions .. To assert, to the fullest extent otherwise permitted under applicable law ..." (Emphasis added). The order in no way states, or implies, that Winget's claims in this case are not barred by res judicata, i.e. are claims which are not "permitted under applicable law." As fully explained in the Memorandum and Order, all of Winget's claims alleging wrongdoing by the Agent and Black Diamond prior to and during the bankruptcy proceedings, are barred by res judicata.

Winget also argues, in a footnote that the claims of P.I.M. and Venco, which were assigned to an asserted by Winget, are not barred by res judicata. See Motion for Reconsideration at p. 5 n.8 and p. 7 n.12. As Black Diamond points out, however, Winget does not provide any basis for treating the claims as P.I.M. and Venco's assignee any differently than his own claims. Winget, P.I.M. and Venco all guaranteed the Venture loan and thus were all creditors of Venture and parties to the bankruptcy proceeding. The bankruptcy court record shows that P.I.M. and Venco appears in the Deluxe proceedings. See Exhibits A, B, C and D to the Agent's response.

Winget next argues that the Court erred in relying on Sanders Confectionary Prods. v. Heller Fin., Inc., 973 F.2d 474 (6th Cir. 1992) in holding that the sale order was a final order for purposes of res judicata. Winget now argues, based on Sanders, a sale order does not have preclusive effect on non-core claims. He then argues that there is a distinction between confirmation and sale orders, with the former only permitting res judicata to non-core claims. The Court does not read Sanders to stand for this proposition. To the contrary, nowhere does Sanders state that only confirmation orders may bar non-core proceedings. Indeed, the Sixth Circuit indicated that core v. non-core was not relevant. The court stated that "the Second Circuit held that whether or not a claim was a core proceeding had no bearing on issue preclusion ... We agree with the Second Circuit that in certain circumstances bankruptcy proceedings can also be binding on non-core proceedings." Sanders, 973 F.2d at 482 (citation omitted). Thus, the Court did not err in relying on Sanders in holding that Winget's non-core claims were barred by the sale order.

Winget also argues that the Court's ruling was inconsistent in holding that his

4

claims "are barred by res judicata and are premature." The Court's ruling is not inconsistent. The Court held that allegations of wrongdoing by the Agent and Black Diamond were barred by res judicata but that Winget is not precluded from claiming that future actions by the Agent in collecting on the collateral violate the "reasonable efforts" provision. As to Count I, which encompasses both of Winget's theories, it is subject to dismissal to the extent it alleged prior wrongdoing and is premature to the extent that it claims the Agent has violated the "reasonable efforts" provision.

In light of finding Winget's argument to be without merit, the Court need not consider its alternative request that the Court amend the judgment under Fed. R. Civ. P. 59(e) to state that Count IV, the shareholder oppression claim, and the claims under Counts I and II as to P.I.M. and Venco, are not dismissed. In any event, as explained in the Agent and Black Diamond's responses, the basis for the requested "amendment" is simply a rehash of the arguments raised elsewhere in the motion for reconsideration.

SO ORDERED.

     s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 12, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, April 12, 2007, by electronic and/or ordinary mail.

     s/Julie Owens
Case Manager, (313) 234-5160